# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| KING AND PRINCE SEAFOOD CORPORATION, | * * * |
| Plaintiff, | * * |
| vs. | * CV 215-15 * |
| TRANSCITY, S.A., | * * |
| Defendant. | * * * |

## SUPPLEMENTAL FINDINGS

On January 26, 2015, at 4:30 p.m., Eastern Standard Time, this Court held a hearing regarding Plaintiff's request for a writ of attachment. The Court supplements its Order dated January 26, 2015, with the following findings of fact and conclusions of law.

I. Findings of Fact

Plaintiff King and Prince Seafood Corporation ("Plaintiff") is a Georgia corporation with its principal place of business in Brunswick, Georgia. Defendant Transcity, S.A. ("Defendant") is a foreign corporation with its principal place of business in Guayaquil, Ecuador. Plaintiff is a seafood processor and distributor, and Defendant is a seafood exporter. According to

Plaintiff's Complaint and supporting documentation, the parties entered into an agreement for the sale of 971 cartons of frozen shrimp on or around December 19, 2014. Plaintiff maintains that Defendant agreed to discount the full invoice price of $174,131.00 by $15,000 because of quality issues with previous shipments.

Plaintiff paid the discounted amount, but Defendant refused to release the bill of lading to Plaintiff for the container when it arrived in Savannah, Georgia. On January 26, 2015, Plaintiff paid the remaining $15,000, which Plaintiff contends it did not owe Defendant. After that point, there could be no dispute that the price of the shipment was paid in full. Plaintiff stated that Defendant still refused to release the bill of lading to Plaintiff, and, on Plaintiff's information and belief, Defendant made plans to return the container to Ecuador.

II. Conclusions of Law

Diversity jurisdiction is proper under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship between the parties. Defendant is subject to this Court's personal jurisdiction because, as Plaintiff has documented, Defendant transacted and continues to transact business in Georgia. Defendant thus has sufficient minimum contacts with Georgia. Venue is proper here, as a substantial

part of the events or omissions giving rise to the claim occurred in this District, and the property that is the subject of the action is located here. 28 U.S.C. § 1391(b).

In federal court, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Attachment is one such remedy referred to by and available under this Federal Rule. Fed. R. Civ. P. 64(b). Georgia law provides that attachments may issue when any one of six circumstances are present, and Plaintiff presented evidence of two such circumstances to the Court. See O.C.G.A. § 18-3-1. First, Defendant, or debtor, resides outside of the state. O.C.G.A. § 18-3-1(1). Additionally, Plaintiff presented sworn testimony that, based on information and belief, Defendant was making arrangements to ship the container out of the country, or in the words of the Georgia statute, "[i]s causing his property to be removed beyond the limits of the state." O.C.G.A. § 18-3-1(6). As required by Georgia law, Plaintiff submitted an application in writing, under oath, which set forth the facts showing the existence of grounds set forth in O.C.G.A. § 18-3-1, the basis and nature of the claim, and the amount of indebtedness claimed by Plaintiff. The Court inquired into the facts alleged and set forth the facts entitling Plaintiff to the writ of attachment.

See O.C.G.A. § 18-3-9. Plaintiff provided documentation and an affidavit demonstrating that the proper bonds are in place to cover potential damages caused by this action. See O.C.G.A. § 18-3-10.

The Court finds that Plaintiff set forth an adequate request for relief sufficient to justify its issuance of a writ of attachment. The Court directed Plaintiff to provide Defendant with notice of its decision, and a hearing will be held on February 2, 2015, at 1:00 p.m., in order to provide Defendant with a chance to be heard.

This 27TH day of January, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA